### No. 422

### SCHNEIDER v. KOUGH

### No. 19044. Supreme Court

On motion to certify. Dock. March 26, 1925, 3 Abs. 214.

**770. MISCONDUCT—Does the fact that a juror receives information in a case from an outside source during an adjournment, constitute such prejudicial misconduct as to warrant a reversal?**

Charles Kough brought an action against John Schneider in the Cuyahoga Common Pleas for the purpose of recovering damages due to the alleged negligence of Schneider. Schneider was a foreman for the Star Baking Co. and Kough was a wagon salesman. One morning on appearing at work, he was found to be ill and complained of dizziness. Schneider administered what first aid treatment he could, giving Kough something to ease his stomach. It was alleged that thereafter, Schneider took Kough's head and neck, and twisted it so that he might be relieved of a "crick" which he complained of having in his neck. After this, Kough again became dizzy, and a doctor was called. Kough alleged that this twist or wrench of his neck caused him serious and permanent injuries.

A verdict was returned and judgment rendered thereon for $18,000 in Kough's favor. Error was prosecuted and Schneider contended that misconduct of the jury was prejudicial. He claimed that a juror during the adjournment of the trial over Saturday and Sunday, approached an employee of the Star Baking Co. and questioned him concerning Schneider. The juror was told that Schneider was the Superintendent of the Star Baking Co. Schneider had previously testified in court that he was foreman of the bakers. This, Schneider claims, tended to reflect strongly against his credibility, affecting the weight of his testimony, all with the impossibility of examination of the person making such prejudicial statement. The Court of Appeals affirmed the judgment of the lower court.

It is claimed that Schneider could not have foreseen or reasonably anticipated the result of his act, and therefore the injury is not actionable. Schneider claims that because (1) there was misconduct on part of the jury, (2) there was error in rejection of testimony of Schneider in denial of the charge of negligence, (3) because there was no evidence tending to establish negligence on part of Schneider, and (4) because the verdict is excessive, there should be a reversal.

**Attorneys**—Calfee, Fogg & White and A. O. Dickey for Schneider; S. V. McMahon and F. W. Zimmerman for Kough; all of Cleveland.

---

### No. 423

### HAYES v. TAYLOR

### 19051. Supreme Court

On motion to direct Lucas Appeals to certify. Docketed Mar. 30, 1925. 3 Abs. 214.

**1104. STATUTE OF LIMITATIONS—Does lien for amount paid at delinquent tax sale, run from time it was possible to obtain a deed, or from the time deed has been declared invalid?**

The original action was instituted in the Lucas Common Pleas, by Birchard Hayes to recover a balance on two promissory notes, and to foreclose a mortgage on certain lots and further praying for other equitable relief barring Henry Taylor from an interest therein. Taylor filed an answer and cross-petition praying for foreclosure of his alleged lien for payment of delinquent taxes upon the property involved. Hayes demurred on the ground that the Statute of Limitations barred Taylor's lien, and there being no further pleadings, judgment of dismissal of Taylor's cross-petition was rendered.

Error was prosecuted and Taylor claimed that in May, 1919, he had received the auditor's delinquent land deed for said premises, said deed being declared invalid by court in March 1924, but the court at that time, further said that it did not undertake to determine the question of the lien.

Hayes averred that the statutory time in which Taylor could have brought his action was in six years; from the time he could have gotten the deed. The Court of Appeals in reversing the judgment of the Common Pleas held:

That the Statute of Limitations began to run from the date the deed was declared invalid, and not from the possible deed date.

Hayes, in bringing the case to the Supreme Court raises the following for consideration:

1. Under the Court of Appeals decision, Taylor's lien is still in effect, fore than fifteen years after the sale. What is the longest period after a tax sale that a vendee can foreclose his lien for the payment of taxes under 5724 GC?

2. The Statute begins to run with respect to the payment of taxes from the date of each payment thereof.

3. Section 11222 is a Statute of Limitations, applicable to the lien given by 5724 GC.

**Attorneys**—M. C. Seeley, B. A. Hayes and E. P. Buckenmyer for Hayes; F. M. Dotson for Taylor; all of Toledo.